BRETT L. TOLMAN, United States Attorney (#8821)
MARK K. VINCENT, Assistant United States Attorney (#5357)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:08-CR-748-TS |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY. |
| TODD LOURENS LEEFLANG, | : | |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment [COERCION & ENTICEMENT FOR ILLEGAL SEXUAL ACTIVITY]. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count I [COERCION & ENTICEMENT FOR ILLEGAL SEXUAL ACTIVITY] are: *First*, the defendant knowingly used a computer or other interstate facility to attempt to persuade, induce, entice or coerce an individual under the age of eighteen (18) years of age to engage in sexual activity; *Second*, the defendant believed that such individual was less than eighteen (18) years of age; and *Third*, had the sexual

activity occurred, the defendant could have been charged with a criminal offense under the laws of Utah.

2. I know that the maximum possible penalty provided by law for Count I of the Indictment [COERCION & ENTICEMENT FOR ILLEGAL SEXUAL ACTIVITY], a violation of Title 18, United States Code, Section 2422(b), is a term of imprisonment of up to LIFE imprisonment, [a minimum mandatory sentence of TEN (10) years], a fine of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), and a term of supervised release of up to LIFE [a minimum mandatory sentence of FIVE (5) years]. I understand that if the supervised release term is violated for any of these Counts, I can be returned to prison for the length of time provided in Title 18, United States Code, Section 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each offense of conviction and that restitution to the victims of my offenses may be ordered pursuant to Title 18, United States Code, Section 3663.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these facts with my attorney. I further know that the final Guidelines calculation by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.

    (c) My attorney can cross-examine all witnesses who testify against me.

    (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

    (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    (h) It requires a unanimous verdict of a jury to convict me.

    (i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

  7.  Under a plea of guilty, there will not be a trial of any kind.

  8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

  9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence. I know the United States may appeal the sentence imposed upon me in this case only if the sentence (a) is imposed in violation of law, or (b) in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> On October 23, 2008, I, Todd Lourens Leeflang, was using my Dell Studio laptop computer (serial number 34218930133) in Orangeville, Utah, to converse through internet provider MSN in a Yahoo Chat chatroom. I was using the user name: consolecoalminer59. I made chatroom contact with a user "Heather Glien" who, after a short chat conversation, I believed to be a 13 year only female residing in Price, Utah.
> During the course of our October 23d chat I attempted to persuade, induce, entice and coerce "Heather Glien" to meet me the following day in Price, Utah, so that we could engage in sexual activity, to wit: oral sex; intercourse; and other sexual acts.
> I agree and stipulate that had the aforementioned sexual activity occurred, I could have been charged with a criminal offense under the laws of Utah.
> These actions were done in violation of 18 U.S.C. § 2422 (b).
> Additionally, I admit that on or about March 15, 2006, I was previously convicted for committing similar conduct in Fifth Judicial District Court, Washington County, Utah (case #051501855).

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees to:

        1) Plead guilty to Count I of Indictment.

        (2)(a) Forfeit all interest in any crime-related asset that he currently owns, previously owned or over which he has in the past, exercised control, directly or indirectly, and any property he has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that

constitutes the proceeds of his offense, including but not limited to the following specific property, to wit: a Dell Studio laptop computer (serial number 34218930133).

(2)(b) He warrants that he is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(2)(c) He further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. He agrees to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He acknowledges and understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

(2)(d) He further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. He acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct and proceeds giving rise to forfeiture.

(3)(a) Fully understanding his limited right to appeal his sentence, as explained above in Section 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, to knowingly, voluntarily, and expressly waives his right to appeal any sentence imposed upon him, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except he does not waive his right to appeal (1) a

sentence above the maximum penalty provided in the statute of conviction as set forth in Section 2 above; and (2) a sentence not consistent with the agreement outlined in this statement made pursuant to Fed.R.Crim.P. 11(c)(1)(C).

(3)(b) To knowingly, voluntarily, and expressly waive his right to challenge his sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

(3)(c) He fully understands that this waiver of his appeal and collateral review rights concerning his sentence shall not affect the government's right to appeal his sentence pursuant to 18 U.S.C. § 3742(b). However, he understands that the United States agrees that if it appeals his sentence, he is released from his waiver. And

(3)(d) He further understands and agrees that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution. And

(4) That under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of the his residence, the location of his employment; and, if he is a student, the location of his school. Registration will require that he provide information that includes name, residence address, and the names and addresses of any places at which he is or will be an employee or a student. He understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. He understands that failure to comply with these obligations subjects himself to prosecution for failure to register under federal law (18 U.S.C. § 2250) which is punishable by a fine or imprisonment, or both.

B. The United States agrees to:

(1)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to USSG §3E1.1(a), if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for this offense, up to and including at the time of sentencing, as set forth in §3E1.1 of the Sentencing Guidelines. And

(1)(b) To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline §3E1.1(b), if the defendant qualifies for a two-level reduction under §3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction.

(2) To recommend at sentencing that the defendant be sentenced at the low-end of the range in the Sentencing Guidelines that also complies and is in accordance with any minimum mandatory statutory provisions. The United States' agreement is based upon the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision. And

(3) Recommend that the defendant be designated to a Bureau of Prison facility that provides Sex Offender Therapy programs and he be permitted to enroll and participate in these respective programs while incarcerated.

13. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

14. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I

further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

15. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

16. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

*   *   *   *

I make the following representations to the Court:

1. I am  26  years of age. My education consists of  14 YEARS . I can read and understand English or if I cannot read and understand English I have had the services of a Court approved interpreter to interpret this pleading and accompanying hearing in my native tongue.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this  12  day of JANUARY, 2009.

*Todd Leeflang*
TODD LOURENS LEEFLANG
Defendant

-9-

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 12TH day of JANUARY, 2009.

MARK H. TANNER
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.

DATED this 12th day of JANUARY, 2009.

BRETT L. TOLMAN
United States Attorney

MARK K. VINCENT
Assistant United States Attorney